## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                    CRIMINAL ACTION NO. 3:17-00100-01

KARL NELSY LAMERIQUE
       also known as "Ace"

### MEMORANDUM OPINION AND ORDER

Pending before the Court is the Government's Motion for Revocation of Release Order. ECF No. 14. For the reasons stated below the Court **GRANTS** the Government's Motion and revokes Defendant's Release Order.

Defendant was apprehended at his home in the Southern District of New York on July 2, 2017. On July 5 and 6 Magistrate Judge Deborah Freeman held a detention hearing. At the close of argument Judge Freeman set bail conditions: 1) a fifty thousand dollar bond secured by his mother and significant other; 2) a bond secured by seven thousand five hundred dollars cash; 3) three co-signers; 4) travel limited to the Southern and Eastern Districts of New York, the Southern District of West Virginia, and Florida; 5) home detention with electronic monitoring; 6) surrender of all travel documents; and 7) mental health evaluation and drug testing and treatment. Judge Freeman also explained that all Defendant's travel would be tracked by GPS monitoring. By motion of the Government on July 7, this Court stayed Defendant's release pending a resolution of the instant motion. ECF Nos. 10, 12.

This Court's reviews a magistrate's pretrial release order *de novo*. *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001) (citing *United States v. Rueben*, 974 F.2d 580, 58586 (5th Cir. 1992)).

The Bail Reform Act permits release pending trial unless there is no condition or set of conditions that will "reasonably assure the appearance of the person as required and the safety of any other person and the community." *United States v. Boyd*, 484 F. Supp. 2d 486, 487–88 (E.D. Va. 2007) (quoting 18 U.S.C. § 3142(e)). Section 3142(e) of the Bail Reform Act imposes a rebuttable presumption of detention of a defendant is charged with a crime for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. 18 U.S.C. § 3142(e). Where the presumption applies the defendant bears the burden to present evidence rebutting the presumption. *Boyd*, 484 F. Supp. 2d at 488. If the defendant successfully rebuts the presumption, "the burden returns to the government to prove by a preponderance of the evidence that detention is nevertheless warranted." *Id.* (citing 18 U.S.C. § 2142(f)).

Defendant is charged with, among other crimes, distribution of five hundred grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1), which carries a maximum prison term of life and a minimum of ten years. Defendant is also charged with a number of other controlled substance offenses and a firearms offense, some of which also carry maximum terms of imprisonment of ten years or more. Accordingly, Defendant is subject to a rebuttable presumption of detention. Defendant has failed to rebut this presumption for two primary reasons.

First, the Government's evidence supporting the indictment appears to the Court at this stage to be quite strong. The investigation of Defendant began over a year ago when a postal worker intercepted a package from Cerritos, California addressed to a residence in Huntington. The package contained 910 grams of crystal methamphetamine. A controlled delivery of the

package resulted in the discovery of evidence linking the package to Defendant and Co-Defendant Henderson. During the investigation, the Government developed a confidential informant who has made controlled purchases of heroin, methamphetamine, and firearms. Specifically, the confidential informant made a controlled buy of approximately 100 grams of heroin and a firearm from Defendant and Henderson in a car parked on the 2700 block of 9th Avenue in Huntington, West Virginia. In exchange, the confidential informant provided Henderson $3,000 which Henderson shared with Defendant. The confidential informant also made recordings of phone calls with both Henderson and Defendant in which they discussed purchasing controlled substances. In one of the recorded calls, the confidential informant discusses with Defendant the method to pay for a controlled substances transaction.

Government agents eventually executed a search warrant on a residence in Cross Lanes, West Virginia. There agents recovered documents with Defendant's name on them, firearms, and a receipt for a storage unit. The agents then executed a search warrant for the storage unit and recovered more firearms and a suitcase containing eight pounds of methamphetamine.

In this case the Government has conducted a long-term, far-reaching investigation of Defendant and others, linking them to controlled substance and firearm sales in multiple states. This investigation was supported by a confidential informant who was able to record discussions about the drug and firearms trafficking, other forms of surveillance and evidence collected during the execution of multiple search warrants. The evidence thus appears to be substantial and of high quality. The multi-state nature of the conduct charged and the large quantity of drugs in conjunction with firearms, all supported by a significant amount of evidence, militates in favor of detaining Defendant.

Second, Defendant has been named in a fourteen-defendant Information currently pending in the Circuit Court of the Ninth Judicial Circuit for Orange County, Florida. The Information charges Defendant with conspiracy to traffic heroin. The information was filed on May 26, 2016, about the same time the investigation of Defendant began in this District. Defendant was arrested on the Florida charge on July 12, 2016, and released on bond on July 18, 2016. If convicted of the Florida charge, Defendant faces a mandatory minimum of twenty five years imprisonment. The most troubling aspect of the Florida charge is that the conduct alleged in this case occurred while Defendant was on bond in the Florida case. This gives the Court pause when considering releasing Defendant in this case. It appears that Defendant, even when facing a lengthy prison term for trafficking drugs in Florida, was undeterred and allegedly continued to engage in trafficking large quantities of controlled substances and firearms. The Court cannot be assured that Defendant would not continue this activity if he were released.

Accordingly, and for the reasons stated herein, the Court **GRANTS** the Government's Motion. Defendant's release is hereby **REVOKED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER:    July 19, 2017

_____
ROBERT C. CHAMBERS, CHIEF JUDGE