# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 3:17-00100-01

KARL NELSY LAMERIQUE
      also known as "Ace"

## MEMORANDUM OPINION AND ORDER

By Order entered July 19, 2017, this Court revoked Defendant's Release Order (ECF No. 19). Pending before the Court now is Defendant's Motion to Amend or Impose Additional or Different Conditions of Release (ECF No. 50). For the reasons stated below the Court **DENIES** Defendant's Motion.

As a preliminary matter, once the Court rules on the issue of a defendant's detention, the hearing may only be reopened if the Court finds that "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue [of detention]." 18 U.S.C. §3142(f)(2)(B). The Court decided the issue of detention in this case on July 19, 2017. Defendant asserts that he now has new information relevant to the issue of his detention, arguing that the evidence against him is "not nearly as strong as had been represented by the Government in its earlier motion" and that the charges against him in Florida "[do] not appear to be moving forward" (ECF No. 50). The Court is not persuaded by either of these arguments. There is no new information in this case "that was not known . . . at the time of the hearing" persuasive enough that the Court is willing to reopen its consideration of Defendant's detention. Even if the Court did reopen its consideration of Defendant's detention, however, the outcome would be no different.

The Bail Reform Act imposes a rebuttable presumption of detention when a defendant is charged with a crime for which the Controlled Substances Act prescribes a maximum term of imprisonment of ten years or more. 18 U.S.C. § 3142(e)(3)(A). In this case, Defendant is charged with various controlled substances offenses and a firearms offense, some of which carry maximum terms of imprisonment of ten years or more. To name one, Defendant is charged with distribution of five hundred grams or more of methamphetamine, a violation of 21 U.S.C. § 841(a)(1). This statute carries with it a minimum prison term of ten years and a maximum term of life.

Where a defendant is subject to this rebuttable presumption of detention, he bears the burden of rebutting it. *United States v. Boyd*, 484 F.Supp.2d 486, 488 (E.D.Va. 2007). The Court finds that Defendant has failed to do so. While Defendant characterizes the evidence against him as weak, the Court finds that it is anything but. As was stated in its earlier order, the evidence against Defendant in this case is "substantial and of high quality" (ECF No. 19). Additionally, the charges that have been filed against Defendant are severe.

Defendant additionally argues that the Court should take into account his assertion that the charges pending against him in Florida are not moving forward. Defendant's Florida attorney writes in his affidavit, "I cannot predict the outcome of the [Florida] case at this time . . ." (ECF No. 50-1). While Defendant would like the Court to characterize Defendant's Florida attorney's affidavit as dispositive of the Florida case, it is anything but. Additionally, the issue remains that the conduct alleged in this case occurred while Defendant was released on bond in the pending Florida case. As was the case in July, the Court cannot be assured that Defendant would not continue his criminal activity if he was to be released.

Because no new information has been presented that weighs materially on the issue of Defendant's detention, the Court declines to reconsider its earlier decision of the issue at this time.

Even if the Court did reconsider, however, given the severity of the charges against Defendant, the strength of the evidence that has been compiled, and the statutory presumption of detention, the Court would not be willing to modify the terms of Defendant's detention at this time. Accordingly, the Court **DENIES** Defendant's Motion (ECF No. 50).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER: October 30, 2017

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE