# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 3:17-00100-01

KARL NELSY LAMERIQUE
    also known as "Ace"

# MEMORANDUM OPINION AND ORDER

Now pending before the Court is Defendant's Motion to Sever. ECF No. 153. For reasons specified herein, Defendant's motion is **DENIED**.

## I. Background

On December 19, 2017, a Grand Jury charged Defendant Karl Lamerique, Marquise Henderson, Rigoberto Fernandez, Jr., Arvin Fabre, Andre Watson, and Kevin Lamerique with multiple criminal offenses by way of a Second Superseding Indictment. ECF No. 110. The indictment included nine counts of criminal conduct, each brought against one or more of the above-named individuals. *Id*.

On February 7, 2018, Defendant filed the present Motion to Sever, arguing that trying him with the other defendants in this case will violate his rights to confront and cross-examine witnesses and his right to a fair and impartial jury. ECF No. 153.

## II. Standard of Review

The Federal Rules of Criminal Procedure empower the Government to charge two or more defendants together in the same indictment if the defendants charged are "alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting

an offense or offenses." Fed. R. Crim. P. 8(b). After two or more defendants have been charged together in the same indictment, one or more may seek severance from the joinder pursuant to Rule 14. Fed. R. Crim. P. 14(a) ("If the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."). Where there has been proper joinder pursuant to Rule 8, however, severance pursuant to Rule 14 is rare. *United States v. Hornsby*, 666 F.3d 296, 309 (4th Cir. 2012). To prevail on a motion for severance, a defendant bears the burden of making a "strong showing of prejudice . . ." *United States v. Branch*, 537 F.3d 328, 341 (4th Cir. 2008) (internal quotation and citation omitted).

Generally, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). Joint trials "promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Id*. (internal quotation and citation omitted). "[W]hen defendants properly have been joined under Rule 8, a district court should grant a severance under Rule 14 *only* if there is a serious risk that a joint trial would . . . prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Cardwell*, 433 F.3d 378, 387 (4th Cir. 2005) (original emphasis) (internal quotation and citation omitted). "It is not enough for the defendant to show that severance [would offer] him a better chance of acquittal." *Id*. (internal quotation and citation omitted).

In considering a motion for severance, "[t]he trial court must weigh the inconvenience and expense to the government and witnesses of separate trials against the prejudice to the defendants inherent in a joint trial . . ." *United States v. Becker*, 585 F.2d 703, 706 (4th Cir. 1978). Even if prejudice is shown, a trial court is not required to sever a defendant from a joint trial. *Zafiro*, 506 U.S. at 538–39. Instead, Rule 14 leaves the task of tailoring relief from any prejudice "to the district

court's sound discretion." *Id*. at 539. The Supreme Court has instructed lower courts that prejudice resulting from joint trials will often be sufficiently cured by remedies "less drastic" than severance. *Id*. at 540.

### III. Discussion

Defendant makes no argument that the original joinder of these defendants was improper under Rule 8 of the Federal Rules of Criminal Procedure. *See* ECF No. 153. Instead, Defendant argues that failure to sever will result in violations of his right to "confront and cross-examine witnesses" and his "right to a fair and impartial jury." ECF No. 153, at 1.

Defendant's first argument regarding his right to confront and cross-examine witnesses relates to the statements of codefendant Arvin Fabre. Defendant argues that the Government's introduction of Fabre's statements at trial would violate the Confrontation Clause of the Sixth Amendment. ECF No. 153, at 3. The Government, in its response, asserts that it "does not intend to introduce [Fabre's statement(s)] during its case-in-chief at trial." ECF No. 173, at 5. The Court finds that Defendant's argument regarding his Sixth Amendment right to confront witnesses is therefore mooted by the Government's concession.

Defendant next argues that he should be granted a severance because the evidence in this case is stronger as to his codefendants than it is to him and that the jury will therefore be prejudiced against him should all defendants be tried jointly. ECF No. 153, at 5. The Government maintains that Defendant was actually a participant in and leader of the presently charged conspiracy and that, as such, Defendant's trial should not be severed from the trial of his codefendants. ECF No. 173.

"Generally persons charged in a conspiracy should be tried together." *United States v. Roberts*, 881 F.2d 95, 102 (4th Cir. 1989). Joint trials promote "the reliability and consistency" of

the judicial process by giving juries "a more complete view of all the acts underlying the charges than would be possible in separate trials." *Buchanan v. Kentucky*, 483 U.S. 402, 418 (1987). Particularly where the crimes charged against the codefendants arise from the same conduct, a joint trial allows the jury "to arrive more reliably at its conclusions regarding the guilt or innocence of a particular defendant and to assign fairly the respective responsibilities of each defendant in sentencing." *Id*.

In this case, Defendant is jointly charged in a nine-count indictment. ECF No. 110. As the Government summarizes, "Defendant is named in five counts of the indictment with controlled substance, firearms, and obstruction related offenses." ECF No. 173, at 3. Considerations of judicial economy and the burden that separate trials would place on the Government weigh heavily against severance in this case. Defendant was jointly indicted with his codefendants, and is charged of participating in and leading the conspiracy central to this case. Proceeding with a joint trial will prevent the Government from having to present the same case twice, to two different juries, and will avoid problems of judicial inconsistency in verdicts. It will also offer the jury the opportunity to get a clearer picture of the case and to accurately apportion guilt to each participating defendant.

On the other hand, valuation of the potential prejudice to Defendant as a result of denying his motion to sever shows that any prejudice that may result from a joint trial does not outweigh the considerations of judicial economy and burden on the Government just outlined. Defendant's argument that the weight of the evidence against his codefendants will prejudice the jury against him does not demonstrate a "serious risk that a joint trial would . . . prevent the jury from making a reliable judgment about guilt or innocence." *Cardwell*, 433 F.3d at 387. The Court finds that any prejudice that Defendant may suffer as a result of a joint trial can be effectively and sufficiently

managed by measures "less drastic" than severance and that, therefore, severance should not be granted at this time.

IV. Conclusion

For the foregoing reasons, Defendant's Motion to Sever, ECF No. 153, is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER: March 5, 2018

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE