IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.   CRIMINAL ACTION NO. 3:17-00100-01

KARL NELSY LAMERIQUE
     also known as "Ace"

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Karl Lamerique's third *pro se* Motion for Compassionate Release. ECF No. 493. For the reasons provided below, the Court **DENIES** the Motion.

In December 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194. As part of the Act, Congress amended Section 3582 and enabled courts to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i); Pub. L. 115-391, Title VI, § 603(b), Dec. 21, 2018, 132 Stat. 5239. But before defendants may request such a reduction, defendants must ask the BOP to do so on their behalf. *See* 18 U.S.C. § 3582(c)(1)(A). If the BOP denies the defendant's request or does not respond within 30 days, the defendant may file a motion before the court. *Id*.

If an inmate satisfies this administrative exhaustion requirement, a court may reduce the inmate's sentence if (1) there are "extraordinary and compelling reasons" for release, and (2) the court considers "the factors set forth in section 3553(a) to the extent that they are applicable." *See* 18 U.S.C. § 3582(c).[1] During the COVID-19 pandemic, courts have recognized that compassionate

---

[1] Section 3482(c)(1) also requires a sentence reduction to be "consistent with applicable policy statements issued by the Sentencing Commission." The Fourth Circuit, however, has made clear that at this time, there are no existing applicable policy statements. *See United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020).

release is appropriate where an inmate has shown both a particularized susceptibility to the virus and a particularized risk that he will contract the virus at his facility. *See, e.g.*, *United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020); *United States v. Eberbaugh*, No. CR 2:18-00222-02, 2020 WL 4804951, at *3 (S.D.W. Va. Aug. 18, 2020) (considering "the age of the prisoner, the severity and documented history of the defendant's health conditions, and the proliferation and status of infections in the prison facility" to determine if compassionate release is appropriate).

As a preliminary matter, the Court finds that Defendant has properly exhausted his administrative remedies. The Warden at his facility denied his Motion for Compassionate Release on March 3, 2022. ECF No. 495. Accordingly, the Court turns to the merits of Defendant's motion.

Defendant cites his underlying chronic medical conditions and his surroundings in prison as his basis for compassionate release. *See e.g.*, Def.'s Mot. His medical records show that he suffers from mild asthma and carotid artery disease, both of which may increase his risk of contracting COVID. *See* Ex. 3, ECF No. 498-3; *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#MedicalConditionsAdults (last visited Mar. 30, 2022). However, Defendant cannot show a particularized susceptibility and risk of contraction to constitute extraordinary and compelling reasons.

Defendant has now been fully vaccinated against COVID-19, and received a booster dose, which reduces the risk of severe complications. *See* Ex. 2 at 2, 4, 7, ECF No. 498-2; *COVID-19 Vaccines are Effective*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/index.html (last visited Mar. 30, 2022). Moreover, Defendant's conditions are being treated and continuously evaluated. *See e.g.*, Ex. 3. Regarding his carotid artery disease, most recently, on

February 22, 2022, a "CT angiogram of [defendant's] neck" conducted by a cardiologist resulted in no "remarkable findings," despite previous evidence of carotid stenosis at that time. Ex. 3 at 1-3, 90. In fact, because Defendant was asymptomatic and the CT angiogram is a more specific test, Defendant "does not have evidence of carotid stenosis." *Id*. at 90. His overall medical history shows continued monitoring and treatment of potential arterial disease. He has not reported any significant worsening of his asthma and there is no record of medical staff having observed any exacerbation of the condition. There is no evidence that he has presented significant respiratory complications related to his asthma as recently as his last examination. *Id*. at 89. In fact, his asthma appears to be relatively well-managed, and he has not needed to seek additional treatment for it.

Defendant also raises arguments relating to conditions at FCI Danbury, which, as other courts have noted, leave much to be desired. *See* Def.'s Mot. at 5-10, 13-16; *see Martinez-Brooks v. Easter*, 459 F. Supp. 3d 411 (D. Conn, 2020). However, FCI Danbury, an institution with 1,026 total inmates, reports no inmates or staff members with active COVID-19 infections. *See FCI Danbury*, https://www.bop.gov/locations/institutions/dan/ (last visited Mar. 30, 2022); *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited Mar. 30, 2022). Taken together then, Defendant cannot show either a particularized susceptibility or particularized risk that constitute extraordinary and compelling circumstances.

Additionally, consideration of the § 3553(a) factors weigh against release. Defendant's conviction was the result of a conspiracy in which he assisted in mailing large quantities of methamphetamine to this district for distribution. *See* Presentence Report at 8-13, ECF No. 457. During the investigation, he participated in controlled purchases of (in total) more than 800 grams of methamphetamine. *Id.* at 11-12. When investigators executed a search warrant at the residence and storage unit used by defendant and his co-conspirators, they seized multiple firearms and more

than 3.2 kilograms of methamphetamine. *Id*. at 12. The Court calculated Defendant's guideline range at 210-260 months and imposed a 96-month term of imprisonment after granting a government motion and applying the statutory safety valve. *Id*. *See* Transcript, ECF No. 465. Given this significant variance and the fact that Defendant has served only about sixty percent of this sentence, to allow his early release would not be consistent with the 3553(a) factors.

For the foregoing reasons, Defendant Lamerique's Motion is **DENIED**. ECF No. 493. The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER: April 1, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE